IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL POWELL, SO #111260, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-18-1322 |
| | § | |
| BRAZOS COUNTY DETENTION CENTER, et al., | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

At the time he filed this complaint under 42 U.S.C. § 1983, Plaintiff Michael Powell was confined at the Brazos County Detention Center in Bryan, Texas. *See* Docket Entry No. 1 ("Complaint") at 1. Powell proceeds *pro se* and *in forma pauperis*. The Court has twice requested that Powell submit a More Definite Statement (Docket Entry Nos. 7 & 12), but Powell has not responded to the Court's questions as instructed and instead has requested his medical records, which are not in the custody or control of the Court. *See* Docket Entry Nos. 9 & 13. The Court will dismiss Powell's complaint because it fails to state a claim under 28 U.S.C. § 1915A.

**I. Background**

Powell alleges that on March 12, 2018, he had walking pneumonia while he was at the Brazoria County Detention Center.

Complaint at 6. He alleges that he told the medical staff that he had walking pneumonia for a month, but they did nothing until he almost died in the Day Room of the jail. Id. He alleges that Lieutenant Walker sent him to the medical center at that point. Id. Powell alleges that he had to stay for 10 days in the hospital and that he has a heart flutter and "will never be the same." Id. He alleges that unspecified defendants in the Brazos County Detention Center and in the medical center were negligent and committed medical malpractice by endangering his life. Id. at 3.

For relief, Plaintiff seeks compensation and punitive damages for "neglect and medical malpractice." Id. at 4.

## II. **Prisoner Litigation Reform Act**

Powell's complaint is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting this analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction

2

that includes all reasonable inferences which can be drawn from it. Haines v. Kerner, 92 S. Ct. 594, 596 (1972); Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (quotation omitted). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. Id. (citations omitted).

### III. Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). The plaintiff must prove that he was exposed to a substantial risk of serious harm from an objective standpoint. Farmer v. Brennan,

3

114 S. Ct. 1970, 1977 (1994). A plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. Id. at 1977. The deliberate indifference standard is a subjective inquiry; a plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. Id. at 1979-80; Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

In the context of medical treatment, a plaintiff must allege facts to show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). "Further, a delay in treatment does not violate the Eighth Amendment unless the defendants were deliberately indifferent to a serious medical need *and* their indifference resulted in substantial harm." McCoy v. Pace, 493 F. App'x 494, 495 (5th Cir. 2012) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)).

An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g.*, Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis

4

are insufficient to state a claim); Norton v. Dimazana, 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he receives does not mean that he suffered deliberate indifference); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); Wagner v. Bay City, 227 F.3d 316, 324 (5th Cir. 2000) (noting that "the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably"). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

Powell complains that he had walking pneumonia for a month and that unidentified defendants did not address his pneumonia until he almost died and ended up in the hospital. Although Powell contends that unspecified medical staff at the Detention Center were negligent or committed medical malpractice, he does not plead facts to indicate that defendants were subjectively aware of a risk of serious harm and consciously disregarded that risk. Farmer, 114 S. Ct. at 1977, 1979-80. Negligence, malpractice, or a disagreement with treatment are insufficient to support a finding of deliberate

indifference under the Eighth Amendment. See <u>Varnado</u>, 920 F.2d at 321; see also <u>Nunley v. Mills</u>, 217 F. App'x 322, 324 (5th Cir. 2007) (holding that being prescribed the wrong medication did "not support a finding of deliberate indifference under the Eighth Amendment"). Accordingly, Powell's claim is subject to dismissal for failure to state a claim for which relief may be granted.

### IV. <u>ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Michael Powell's civil rights complaint is **DISMISSED with prejudice**, for failure to state a claim under 28 U.S.C. § 1915A(b).

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: <u>Three_Strikes@txs.uscourts.gov.</u>**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 10TH day of September, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE